## AUSTEN v. COLUMBIA LUBRICANTS CO.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. ATTORNEY AND CLIENT—AUTHORITY TO APPEAR—DEFUNCT CORPORATIONS.
   Where affidavits, and a certificate of the Secretary of the State of its incorporation, showed that a corporation had been dissolved prior to the institution of action against it, an attorney appearing on appeal from a default judgment against the corporation, and signing himself "Attorney for Defendant-Appellant," showed, by submitting said affidavits and certificate, that he had no authority to appear, and that the corporation could not authorize his appearance.

2. SAME—OBJECTION ON APPEAL—MUNICIPAL COURT ACT.
   Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, providing that authority to appear for an appellant cannot be questioned if notice of appeal be subscribed either by appellant or "his attorney in the appellate court," has no application to a case where the attorney shows that appellant corporation, which he assumes to represent, has no longer any existence.

3. JUDGMENTS—VOID JUDGMENTS—DEFUNCT CORPORATIONS—ATTACK—INTEREST OF ATTACKING PARTY.
   While a court can acquire no jurisdiction of a dissolved corporation, and a default judgment against it is a nullity, and can be attacked directly or by appeal or collaterally, such attack must be by one interested in having the judgment reversed, and an appeal in the name of the corporation does not lie.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Five separate actions by Mary M. Austen against the Columbia Lubricants Company.   From judgments for plaintiff in each, defendant appeals.   Dismissed.

See 85 N. Y. Supp. 362.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Robert H. Gay, for appellant.

J. Aspinwall Hodge, for respondent.

FREEDMAN, P. J.   There are five of these appeals, and by stipulation the decision in one is to be decisive of all.

The actions were based upon a verified complaint alleging a leasing of premises by the defendant from the plaintiff, and the nonpayment of rent for the months of May to September, inclusive, each action having been brought after the preceding month's rent fell due.   Attached to the complaint was a copy of the lease, showing that the defendant was a corporation organized under the laws of West Virginia. In each action, the defendant failed to appear, and judgment was taken against it.   The summons in each action, as appears by the return of the persons making the service, was personally served upon "E. R. Kemp, president of the defendant corporation."   By virtue of notices of appeal signed as follows:   "Robert H. Gay, Atty. for the Defendant-Appellant for the purposes of this appeal only, 21 Liberty Street, Borough of Manhattan, New York City," and duly served in each case, the court below made no return to this court.   At the October term of this court the first three cases came up for a hearing.

The appeals were based upon the ground that no service was ever made upon the defendant, and that for that reason the court below never acquired jurisdiction. At the hearing at that term, the appellant for the first time served copies of the affidavits upon which it relied to show nonservice of the summons upon the respondent, and the court there held, Mr. Justice Bischoff writing the opinion, that the proper practice was, in cases similar to this, to serve such affidavits a sufficient length of time prior to the hearing as would enable the respondent to reply if he so desired, and the hearing of the appeals was ordered to be renoticed for the December term. At the December term the cases were sent over to the present term.

The affidavits are undisputed, and show that E. R. Kemp, the person who was served with the process in each case, never had any connection with the company whatever in any capacity, nor was he designated as a person upon whom personal service of a summons could be made. The affidavits also disclose another situation. They show that the defendant corporation was legally dissolved by the vote of a general meeting of the stockholders thereof held according to law October 22, 1902, over six months before the first of these actions was commenced; and accompanying said affidavit is a certificate, under the hand and seal of the Secretary of State of West Virginia, dated October 27, 1902, showing that, in pursuance of the resolutions voted at said meeting of said stockholders, the dissolution of the corporation was authorized by law. That being so, at the time the judgments herein were rendered and these appeals taken this defendant had no existence. Clearly, then, the person who signed and served the notices of appeals herein could have had no authority to so appear or appeal. It is true that the authority to appear for an appellant cannot be questioned if such notice of appeal be subscribed either by the appellant or "his attorney in the appellate court" (section 311, Municipal Court Act, Laws 1902, p. 1578, c. 580), but that presupposes the existence of an appellant. In the case at bar the corporation attempted to be sued had been dissolved, and was no longer extant, and this fact appears by the proof submitted by the attorney who seeks to appear for the defunct corporation. It is clear that the court below never could acquire jurisdiction of a dissolved corporation, and it is equally clear that such corporation could not authorize the appearance by an attorney. The judgments thus obtained are a nullity; and can be attacked directly or by appeal or collaterally. Risley v. Phenix Bank, 83 N. Y. 318, 38 Am. Rep. 421. Such attack, however, must be by some one interested in having such judgments reversed, and the appellant herein does not come within that rule, and has no standing in court.

Appeals dismissed, with costs. All concur.