KENNETH S. MACAFFER, as Receiver of the Property, Rights and Assets of THE MECHANICVILLE AND FORT EDWARD RAILROAD COMPANY, and Others, Appellants, *v.* BOSTON AND MAINE RAILROAD, Respondent.

Third Department, July 6, 1934.

*Frank L. Wiswall*, for the appellants.

*Whalen, McNamee, Creble & Nichols* [*Robert E. Whalen* of counsel], for the respondent.

HEFFERNAN, J. The question involved on this appeal is quite troublesome and distinctly novel. A somewhat detailed discussion of the facts is necessary to understand it. The court at Special Term granted defendant's motion to dismiss plaintiffs' complaint under subdivision 5 of rule 107 of the Rules of Civil Practice on the ground that there is an existing final judgment of the Supreme Court rendered on the merits determining the same cause of action between the parties.

The Mechanicville and Fort Edward Railroad Company was a domestic corporation organized under and in pursuance of the authority conferred by chapter 140 of the Laws of 1850 and chapter 446 of the Laws of 1876, and entitled, " An act to amend chapter 430 of the laws of 1874," and entitled, " An act to facilitate the organization of railroads sold under mortgage and providing for the formation of new companies in such cases," and the articles of association of the Mechanicville and Fort Edward Railroad, together with affidavits thereto annexed, were filed and recorded in the office of the Secretary of State on the 3d day of May, 1880.

In 1916 there was commenced in the Supreme Court an action, the venue whereof was laid in Saratoga county, entitled " The Mechanicville and Fort Edward Railroad Company, Plaintiff, against Fitchburg Railroad Company and Boston and Maine Railroad, Lessee," to which James H. Hustis, as receiver of the Boston and Maine Railroad, was thereafter made a party defendant. For convenience and clarity we shall hereafter refer to that suit as the 1916 action. That action was brought in ejectment to recover possession of certain railroad premises in Saratoga county together with damages in the sum of $25,000 for the alleged withholding of possession thereof. In that action both defendants alleged as a separate defense that the plaintiff was not a corporation. The issues in the 1916 action were tried before Mr. Justice VAN KIRK, without a jury, and resulted in a dismissal of the complaint upon the merits in accordance with his opinion (reported in 103 Misc. 46). Decision and judgment in that action were entered in the Saratoga county clerk's office on May 18, 1918. Upon appeal that judgment was unanimously affirmed by this court without opinion (190 App. Div. 887). No appeal was taken to the Court of Appeals.

On the trial of the 1916 action, and in the rendition of Mr. Justice VAN KIRK's decision therein, the premises described in that com-

plaint were considered in two parts, viz.: *First*, commonly known as the main line of the Boston and Maine Railroad, being the portion thereof extending from the tracks of the Rensselaer and Saratoga Railroad in Mechanicville for a distance of about one and one-quarter to one and one-half miles in a northerly direction to the northerly switch of the Saratoga junction, where the main tracks of Boston and Maine Railroad curve toward and across the Hudson river bridge, to Boston, Mass., and to recover possession of a part of which this action has been brought; *second*, that portion of the railroad premises described in the complaint in the 1916 action, commonly known as the Stillwater branch, which extends from the northerly switch at the Saratoga junction of Boston and Maine Railroad northerly about one and one-quarter miles to the village of Stillwater, in the town of Stillwater, Saratoga county.

In the 1916 action it was decided and determined, among other things:

(a) That the Mechanicville and Fort Edward Railroad Company had never held a stockholders' meeting, never elected a director, never issued a share of stock, never adopted by-laws, never completed any part of a railroad, never owned any rolling stock or railroad equipment and never operated or attempted to operate a railroad.

(b) That the subscribers to the articles of association of the Mechanicville and Fort Edward Railroad Company never paid any part of their respective subscriptions and that no money was ever paid for a share of its stock; and

(c) That the Mechanicville and Fort Edward Railroad Company was not a corporation and had not the legal capacity to sue.

In the 1916 action Mr. Justice VAN KIRK made twenty-five separate findings of fact and six separate conclusions of law. Because of their relation to the question involved here we quote the sixth, seventh and twenty-fifth findings of fact and the first conclusion of law made by the learned trial judge:

" *Sixth.* The plaintiff has never held a stockholders' meeting, never elected a director, never issued a share of stock and never adopted by-laws. The subscribers to the plaintiff's articles of association never paid any part of their respective subscriptions, and no money was ever paid for a share of its stock.

" *Seventh.* The plaintiff never completed any part of a railroad, never owned any rolling stock or railroad equipment, and has never operated or attempted to operate all or any part of a railroad."

" *Twenty-fifth.* The plaintiff, at the time of the commencement of this action, was not a corporation."

First conclusion of law: " The plaintiff has not the legal capacity to sue."

With respect to the main line Judge VAN KIRK found that the Fitchburg was the owner thereof in fee simple; that Boston and Maine Railroad, defendant in the 1916 action, and James H. Hustis, as its receiver, were entitled to immediate possession thereof under a lease from the Fitchburg and that the Mechanicville and Fort Edward was not the owner of any part thereof. With respect to the Stillwater branch it was found and decided that the Mechanicville and Fort Edward had been divested of all title thereto or rights therein, because of its failure to construct its railroad within the time prescribed by the laws of the State of New York, and that such title and rights, having been acquired by condemnation, had reverted to the original owners thereof and to their successors in title. With respect to the entire portion of the railroad premises described in the complaint in the 1916 action, including the Stillwater branch, it was found and decided that the twenty years' Statute of Limitations was a bar to the maintenance of the 1916 action.

In 1919 respondent was organized as a railroad corporation, pursuant to the laws of Massachusetts, Maine, New Hampshire and New York, by virtue of a consolidation agreement to which the Fitchburg Railroad Company and Boston and Maine Railroad, defendants in the 1916 action, and six other railroad corporations, were parties, and thereupon respondent succeeded to and became the owner of the property rights of the constituent companies, including the Fitchburg Railroad Company and the former Boston and Maine Railroad.

In October, 1929, the Delaware and Hudson Company, claiming to be a creditor of the Mechanicville and Fort Edward Railroad Company, commenced an action against that company in the Supreme Court of Albany county to procure its dissolution and to secure the appointment of a receiver to marshal and distribute its assets. The respondent, in August, 1933, intervened in the dissolution action, interposed an answer to the complaint and appeared on the trial. After a trial of the issues in that action the court rendered judgment dissolving the Mechanicville and Fort Edward Railroad Company and appointed Kenneth S. MacAffer permanent receiver thereof. The receiver qualified as such and is now acting. The judgment in the dissolution action is the subject of a separate appeal in this court. (*Delaware & Hudson Co.* v. *Mechanicville & Fort Edward R. R. Co.*, 242 App. Div. ——).

On August 16, 1933, in proceedings instituted in the Supreme Court of Albany county, the court appointed Mr. MacAffer as successor trustee of the Mechanicville and Fort Edward Railroad Company to settle its affairs and distribute its assets. The latter qualified as such and is now acting in that capacity.

In his capacities as receiver and as successor trustee Mr. MacAffer and the Mechanicville and Fort Edward Railroad Company, named as a coplaintiff, brought this action in ejectment against respondent to recover possession of the premises described in paragraph fifth of the complaint. The premises thus described are entirely included within the premises described in the 1916 action. These premises are a part, but not all, of a portion known as the main line of the line of railroad involved in the equity suit of the Boston and Maine Railroad against Delaware and Hudson Company and MacAffer (238 App. Div. 191), which was before us recently on a question of pleading.

The Mechanicville and Fort Edward Railroad Company was named as a plaintiff in this action on the authority of section 29 of the General Corporation Law, as amended by chapter 552 of the Laws of 1932, which confers the right upon a corporation in dissolution to sue and be sued in its corporate name.

After the commencement of this suit the respondent moved to dismiss it on the ground that the judgment in the 1916 action is conclusive. If the judgment in the 1916 action is valid then obviously it is *res adjudicata* here because the premises described in each instance are identical. Appellants contend that the court in the 1916 action had no jurisdiction to determine anything except that the Mechanicville and Fort Edward Railroad Company's corporate existence had ceased, and that it had no legal capacity to bring the action. It should be remembered that the court in the 1916 action made a finding that the plaintiff had become extinct twenty-five years before the suit was brought and had no legal capacity to sue. The adjudication is in effect that there was no plaintiff and hence no action.

Every action must have parties competent to sue and be sued, and for and against whom a judgment may be rendered. The very existence of a cause of action implies that there is some one entitled to sue and some one who may lawfully be sued and consequently an action cannot be maintained if there is lacking either the former or the latter. (1 C. J. 982, and cases cited.) A corpse is not a person; and an action does not lie in the name of a decedent before the appointment of an administrator for an injury to the decedent in his lifetime. (*Brooks* v. *Boston, etc., R. Co.*, 211 Mass. 277.) In every action there must be a real plaintiff, and for a standing as party plaintiff it is necessary that plaintiff be a person in law. A civil action can be maintained only in the name of a person in law, an entity, which the law of the forum can recognize as capable of possessing and asserting a right of action. The rule is sometimes stated so as to comprehend only two forms of legal entity for the purpose of maintaining an action. Thus the rule has been formu-

lated that " in all civil actions the prime requisite as to parties is that the plaintiff * * * must * * * be either a natural or artificial person;" and that an action cannot be maintained in the name of a plaintiff who is not a natural or artificial person having legal entity to sue or be sued. (47 C. J. 18, and cases there cited.) In addition to possessing a legal entity or existence a plaintiff must be possessed of a legal capacity to sue. The capacity to sue is the right to come into court. The phrase " legal capacity to sue," as used in a code provision, means that plaintiff must be free from general disability, such as infancy or insanity, or, if he sues as a representative, that he shall possess the character in which he sues. It has been stated, generally, that every natural person of lawful age has legal capacity to sue, and that persons under no legal disability, such as infancy, lunacy or the like, have a legal capacity to sue. The capacity to sue exists only in persons in being, and not in those who are dead or who have not yet been born, and so cannot be brought before the court. Thus a proceeding cannot be brought in the name of a deceased plaintiff; such a proceeding is a nullity. (47 C. J. 20, and cases cited; *Karrick* v. *Wetmore*, 22 App. D. C. 487.) Thus, where an association has no corporate existence either *de jure* or *de facto*, and there is no estoppel, it cannot do any act whatever as a legal entity. It cannot take title to real or to personal property, convey real property, maintain proceedings to condemn land, acquire rights by contract or otherwise, or incur debts or other liabilities, either in contract or in tort, unless by operation of an estoppel; nor can it sue or be sued. (14 C. J. 200, and cases there cited.) A cause of action does not exist, unless there is a person in existence capable of suing, or of being sued. (*Riner* v. *Riner*, 166 Penn. St. 617.) At common law every real or personal action abated on the death of either the sole plaintiff or the sole defendant before verdict and judgment, and this is still the law except in so far as the common-law rule has been modified by statute. (1 C. J. 153; *McCulloch* v. *Norwood*, 58 N. Y. 562; *Sturges* v. *Vanderbilt*, 73 id. 384; *Greeley* v. *Smith*, 3 Story, 657; *People* v. *O'Brien*, 111 N. Y. 1, 62; *Sinnott* v. *Hanan*, 214 id. 454.) Justice STORY, in *Mumma* v. *Potomac Company* (8 Pet. 281), said: " There is no pretense to say, that a *scire facias* can be maintained, and a judgment had thereon against a dead corporation, any more than against a dead man." The dissolution of a corporation implies its utter extinction and obliteration as a body capable of suing or being sued, or in whose favor obligations exist or upon which liabilities are imposed. No action can be instituted against a corporation after its dissolution. Nor has the corporation after its dissolution any capacity to sue. (7 R. C. L. 735, 737, 738.)

The Supreme Court of Georgia in *Venable Bros.* v. *Southern Granite Co.* (135 Ga. 508), in discussing the effect of the dissolution of a corporation on pending litigation, said: " ' An action can no more be prosecuted against a dead corporation than against a dead man. In such a case the opposing party suggests the death of the corporation, and upon the fact being admitted or proved the suit abates, just as an action for an injury to the person abates on the suggestion of the death of the defendant, unless there is a saving statute allowing it to be revived against his legal representative.' "

In *Merritt* v. *Gate City National Bank* (100 Ga. 147) the court said: " The corporate right to sue, when not prolonged by statute for the purpose of winding up the affairs of the corporation, dies with the charter. There can be no suit by a dead person, whether natural or artificial. In this respect a dead corporation stands upon no better footing than a dead man."

In *Rodgers* v. *Adriatic Fire Ins. Co.* (148 N. Y. 34) the Court of Appeals said: " Under our law it is perfectly well settled that there can be no valid judgment against a dissolved corporation, unless one founded on a pending suit which the order of dissolution itself preserves from abatement, or one in some manner saved."

The rule apparently is firmly established that the power of a corporation to sue and be sued is extinguished when its existence is terminated, and this extinction involves, as a matter of procedure, the abatement of any action to which it may be a party, either at the time of its dissolution or thereafter.

At the time of the rendition of the judgment in the 1916 action the Mechanicville and Fort Edward Railroad Company had neither legal existence, capacity to be sued, nor any property against which a judgment could be enforced. (*Nankivel* v. *Omsk All Russian Government*, 237 N. Y. 150; *People* v. *Knickerbocker Life Ins. Co.*, 106 id. 619, 623.) Neither an action *in personam* nor one *in rem* may be maintained by or against a dissolved corporation. (*Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183.) The judgment in the 1916 action was just as invalid against the defunct corporation as it would have been against a decedent. (*Pendleton* v. *Russell*, 144 U. S. 640.)

A judgment rendered in favor of or against a defunct corporation in an action commenced before its dissolution is void. In *National Bank* v. *Colby* (21 Wall. 609), which involved the forfeiture of a corporate charter by judicial decree, the law was thus stated: " Its existence as a legal entity was thereupon ended; it was then a defunct institution, and judgment could no more be rendered against it in a suit previously commenced than judgment could be rendered against a dead man dying *pendente lite*. This

is the rule with respect to all corporations whose chartered existence has come to an end, either by lapse of time or decree of forfeiture, unless, by statute, pending suits be allowed to proceed to judgment notwithstanding such dissolution."

In *Austen* v. *Columbia Lubricants Co.* (87 N. Y. Supp. 497) the court said: " In the case at bar the corporation attempted to be sued had been dissolved, and was no longer extant, and this fact appears by the proof submitted by the attorney who seeks to appear for the defunct corporation. It is clear that the court below never could acquire jurisdiction of a dissolved corporation, and it is equally clear that such corporation could not authorize the appearance by an attorney. The judgments thus obtained are a nullity, and can be attacked directly, or by appeal or collaterally. (*Risley* v. *Phenix Bank*, 83 N. Y. 318; 38 Am. Rep. 421.) "

In *Ford* v. *Kansas City & I. Short Line R. Co.* (52 Mo. App. 439) the court, dealing with Missouri statutes substantially identical with the New York statutes here involved, held that after such extinction of the corporation, managing officers had become *functus officio* and that " nothing they could do would bind the corporation * * * the trustees in a proper case could be sued but certainly not the extinct corporation."

The Appellate Division, First Department in *Maxrice Realty Corp.* v. *B/G Sandwich Shops, Inc.* (239 App. Div. 472), reiterated the proposition that no valid judgment can be taken against an extinct corporation. The impossibility of a valid judgment on the merits even after trial, in an action wherein the court must dismiss the complaint because no party plaintiff is before it, has been judicially recognized. (*Robbins* v. *Wells*, 1 Robt. 666.)

The authorities to which we have referred clearly indicate that the court in the 1916 action lacked jurisdiction to determine any question on the merits as against these in whom the property of the extinct Mechanicville and Fort Edward corporation vested. In *Clark* v. *Scovill* (198 N. Y. 279) the Court of Appeals wrote: " A court without jurisdiction cannot determine an action on the merits, but can simply dismiss for want of power to try."

When the court found that the plaintiff in the 1916 action was without capacity to sue there was no jurisdiction to try the cause and the complaint should have been dismissed. That which a court seeks to determine when it has no jurisdiction is void. (*Herzberg* v. *Boiesen*, 53 N. Y. Supp. 256.) The judgment of dismissal of the 1916 action on the merits does not create a bar to a subsequent action as to the same issues where the court in the first action was without jurisdiction. (*Springer* v. *Bien*, 128 N. Y. 99; *House* v. *Lockwood*, 137 id. 259; *Rudd* v. *Cornell*, 171 id. 114; *Rodgers* v. *Levy*, 36 Neb. 601.)

The question, therefore, is not what the court actually decided in the 1916 action but what it had jurisdiction and power to do. The want of jurisdiction to render the particular judgment may also be asserted and raised directly or collaterally either from an inspection of the record itself when offered in behalf of the party claiming under it, or upon extraneous proof, which is always admissible for that purpose. There is but one solitary exception to this rule, and that is in a case where jurisdiction depends on a fact that is litigated in a suit and is adjudged in favor of the party who avers jurisdiction. (*O'Donoghue* v. *Boies*, 159 N. Y. 87; *Hughes* v. *Cuming*, 165 id. 91.)

It has been suggested that the defunct railroad corporation is not entitled to maintain this action. It is unnecessary to discuss that question because it is not presented. The receiver and successor trustee is a proper plaintiff and consequently it is entirely immaterial whether the railroad company was joined as a coplaintiff. In fact it is difficult to understand just why it was made a party at all.

The judgment and order appealed from should, therefore, be reversed, with costs and disbursements to appellants, and the motion for a dismissal of the complaint denied, with ten dollars costs, with the usual leave to respondent to answer.

HILL, P. J., RHODES and BLISS, JJ., concur; CRAPSER, J., dissents.

CRAPSER, J. (dissenting). I dissent and vote to affirm the order appealed from on the ground that there is an existing final judgment of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties and upon the opinion of CRAPSER, J. in the case of *Boston & Maine Railroad* v. *Delaware & Hudson Co.* (242 App. Div. ——), decided at this term of court.

Judgment and order reversed on the law, with costs, and motion for judgment on the pleadings is denied, with ten dollars costs, with leave to respondent to plead within twenty days after the entry and service of a copy of the order to be entered hereon.