OPINION OF THE COURT
Gilbert Rabin, J.
Respondent, by the instant motion, moves to vacate the judgment and warrant issued by this court on November 8, 1985, and seeks dismissal of the underlying petition for sum *80 mary judgment by reason of petitioner’s failure to effect proper service of the petition upon the respondent. Although neither respondent nor petitioner has attached correct copies of the aforementioned judgment and warrant, the same is contained in the original court file under docket No. SP 5186/-85. Petitioner opposes said motion on the grounds that process was properly served and that respondent’s actions in seeking this relief some eight months after respondent’s eviction creates a laches defense and that the respondent’s actions thereafter evidence an abandonment of the premises.
The initial determination in this matter is the important question of service of process and the jurisdiction of the court. Service of the petition and notice must be made in accordance with provisions of the appropriate laws pertaining thereto before a court has any power to act. If proper service was not made upon respondent, Westchester Car Phone, Inc., then this court acquired no jurisdiction over the respondent. Respondent’s moving papers contain a copy of the lease agreement between petitioner and respondent and therein contained is a listing of the office of respondent as P. O. Box 296, Yonkers, N. Y. Although a post-office box may not generally be considered as an "office” per se, it is evident that petitioner did, in fact, use this address to correspond with the respondent, and the parties agreed to treat same as the office of respondent, for at least notices and mailing of process.
In attempting to effect service upon respondent, in a summary proceeding, the requirements of RPAPL 735 are clear and mandatory. This section requires that service of the notice of petition and the petition shall be made, if admittance cannot be made and personal service effected "by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered; and in addition, within one day after * * * such affixing, by mailing to the respondent by registered or certified mail * * * (b) if a corporation * * * as follows: at the property sought to be recovered, and if the principal office or principal place of business * * * is not located on the property sought to be recovered, and if the petitioner shall have written information of the principal office or principal place of business within the state, at the last place as to which petitioner has such information”.
Justice McLaughlin, in writing for a unanimous Appellate Division, First Department, in Eisenhofer v New Yorker Zeitung Pub. & Print. Co. (91 App Div 94, 95-96) stated that "the Legislature has seen fit to prescribe the manner in which *81 jurisdiction of a domestic corporation may be obtained, and where it decreed that jurisdiction can be obtained only in a certain way, that way must be followed to the exclusion of all others, and, unless it is, the service is ineffectual for any purpose. The Legislature has the power to say how jurisdiction of a corporation can be obtained. It has so declared, and it is for the courts to enforce its mandate and not prescribe some other one.”
It is obvious from all papers submitted by the parties that the address of respondent set forth in the lease is the last written information in this matter referred to in section 735 above. The petitioner, in his moving papers, does not contend nor has petitioner proven that 20 Fullerton Avenue was respondent’s principal office or principal place of business. Whether or not a post-office box should be considered by this court a principal office or principal place of business is academic. The statute requires that if the principal office or principal place of business is not located at the property sought to be recovered, then the petitioner had to mail any process or notices to the last place of which petitioner had written information. It is evident that the parties in this action did provide such written information referred to in RPAPL 735, since the lease states "P. O. Box 296” as the office address. It follows, therefore, thát the attempted "nail and mail” service upon respondent, at 20 Fullerton Avenue, was insufficient to confer any jurisdiction upon this court. It would appear that petitioner has treated respondent’s address in the lease between the parties, namely, P. O. Box 296, as respondent’s offices since, in fact, petitioner mailed a 10-day notice to cure to that address some 15 days prior to the institution of the petition which services as the basis for this motion.
Furthermore, petitioner has failed to attach any receipts or offer any proof that the required registered or certified mailing had ever been complied with at either address. By thus failing to serve respondent properly, the petitioner has failed to provide this court with jurisdiction over the respondent.
It is well settled that any judgment rendered by a court which lacks jurisdiction is void (Eastwood v Premis, 9 AD2d 553; MacAffer v Boston & Me. R. R., 242 App Div 140, revd 268 NY 400; see also, Royal Zenith Corp. v Continental Ins. Co., 63 NY2d 975).
In view of the aforesaid service, since the court finds that it *82 had acquired no jurisdiction over this action, the judgment and warrant are vacated and the petition dismissed.
Motion granted. Judgment and warrant of eviction are vacated and the petition is dismissed.