■ WILLIE COOPER et al., Appellants, v JACK VOLK, Respondent.—In an action to recover damages for personal injuries, the plaintiffs Willie Cooper and Dolores Cooper, as the Admin-

istratrix of the estate of Harvey Moore, appeal from an order of the Supreme Court, Kings County (Vaccaro, J.), dated January 29, 1988, which dismissed the action as abandoned.

Ordered that the appeal by Dolores Cooper as the administratrix of the estate of Harvey Moore is dismissed, and the order insofar as it applies to the plaintiff Moore is declared to be a nullity; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Willie Cooper; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellant Willie Cooper.

This personal injury action arises from an accident which occurred on April 5, 1977. Issue was joined on February 20, 1978. On November 8, 1984, having failed to receive a note of issue, the defendant served a 90-day demand pursuant to CPLR 3216 (b) (3). No action was taken, however, by the plaintiffs in response thereto.

Unbeknownst to the defendant, the plaintiff Harvey Moore had died on April 23, 1980. By notice dated February 27, 1987, Dolores Cooper, who had been appointed administratrix of Moore's estate almost two years earlier, moved to be substituted for Moore. That motion was apparently granted on the call of the calendar on April 1, 1987, with a direction that an order be submitted. No such submission was forthcoming, and the motion was thereafter deemed abandoned.

By notice dated October 13, 1987, the defendant moved to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute. The court granted the motion, finding that the plaintiffs failed to offer any justification for not having taken action within a reasonable time after the appointment of the administratrix, and this appeal ensued.

With respect to the plaintiff Willie Cooper, we conclude that the court did not improvidently exercise its discretion by dismissing the complaint as to him for failure to prosecute (see, CPLR 3216).

The plaintiff Harvey Moore having died during the pendency of this action and prior to the issuance of the order being appealed from, and there having been no effective substitution made as required by CPLR 1015, the order appealed from, as it pertains to Moore, is a nullity, and this court has no jurisdiction to entertain his appeal (see, Catalfamo v Flushing Natl. Bank, 124 AD2d 624; cf., Meier v Shively, 10 AD2d 566). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.