■ MARIE TEMPLE, Individually and as Administratrix of the Estate of JAMES TEMPLE, II, Deceased, Appellant, v ANTHONY F. ROSA et al., Respondents. [627 NYS2d 944] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered December 16, 1993, as granted the defendants' motion to strike "all language with respect to wrongful death" from the pleadings, and which denied the plaintiffs' cross motion for leave to serve an amended summons and complaint, and (2) so much of an order of the same court, entered April 11, 1994, as, upon reargument, adhered to the original determination.

Ordered that the appeals are dismissed and the orders entered December 16, 1993, and April 11, 1994, respectively, are declared to be nullities; and it is further,

Ordered that the respondent is awarded one bill of costs.

This action was initially commenced by Marie Temple, as Administratrix of the Estate of James Temple, II. However, subsequent to the commencement of the action and prior to the point when the motion to amend the complaint was brought, Marie Temple passed away. The record does not indicate that any successor administrator has been appointed for the Estate of James Temple, II. Accordingly, there is no proper party to pursue either the action or this appeal *(see, Cooper v Volk,* 157 AD2d 766). Moreover, there is no merit to the contention that James Temple, III may continue the action by virtue of the "Limited Letters of Administration" he was granted with respect to the estate of Marie Temple *(see,* EPTL 11-1.1). Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.