■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v ESTATE OF MAKHAIL SOSNOV, Appellant. [664 NYS2d 608] —In a proceeding pursuant to CPLR 7503

to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 24, 1997, which granted the petition.

Ordered that the appeal is dismissed, with costs, and the order is declared to be a nullity.

An action cannot be maintained against a party who is not a natural or artificial person having legal capacity to be sued (*see, MacAffer v Boston & Me. R. R.*, 242 App Div 140, 144-145, *affd* 268 NY 400; 59 Am Jur 2d, Parties, § 42; 67A CJS Parties § 41). A proceeding to permanently stay arbitration cannot be brought against the estate of a decedent before the appointment of a legal representative (*see, MacAffer v Boston & Me. R. R., supra*). In this case, the decedent died prior to the commencement of this proceeding and a personal representative has not been appointed to represent the estate. Therefore, the order appealed from is a nullity and this Court has no jurisdiction to entertain the appeal (*see, Cooper v Volk,* 157 AD2d 766; *Bossert v Ford Motor Co.,* 140 AD2d 480). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.