In the Matter of the Liquidation of NATIONAL SURETY COMPANY.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of NATIONAL SURETY COMPANY, Appellant; MILFORD CONSTRUCTION COMPANY et al., Respondents.

Argued May 21, 1941; decided July 29, 1941.

*A. Prentiss Butler* and *Edward F. Keenan* for appellant. The absence of participation by the liquidator in the South Carolina actions was found as a fact in the lower court and is not subject to review by the Court of Appeals. (*Fish* v. *Vanderlip*, 218 N. Y. 29; *Bigelow* v. *Old Dominion Copper M. & S. Co.*, 225 U. S. 111.) The dissolution of the surety company pursuant to the Insurance Law (Cons. Laws, ch. 28) abated pending actions and prevented the entry thereafter of any valid judgment against the company. (*Matter of National Surety Co.* [*Laughlin*], 283 N. Y. 68; *Oklahoma Natural Gas Co.* v. *Oklahoma*, 273 U. S. 257; *Pendleton* v. *Russell*, 144 U. S. 640; *Matter of National Surety Co.* [*Cosby Motor Co.*], 174 Misc. Rep. 955.) Liquidator's notice to claimant that the claim would be recommended for allowance could not have the

effect of binding the New York court to allow the claim (*Insurance Co.* v. *Mowry*, 96 U. S. 544; *White* v. *Ashton*, 51 N. Y. 280; *Matter of Casualty Co. of America* [*Rubin*], 244 N. Y. 443.)

*Jonas J. Shapiro* and *Theodore S. Jaffin* for respondents. Participation by the New York liquidator on the merits in the South Carolina proceedings resulting in the judgment in favor of the construction company was found by the court below; and this finding being supported by the evidence is controlling on the Court of Appeals. Accordingly, the judgment is conclusive and binding upon the liquidator. (*Marshall* v. *Meech*, 51 N. Y. 140; *Bannon* v. *Bannon*, 270 N. Y. 484; *Amherst College* v. *Ritch*, 151 N. Y. 282; *Britton* v. *Scognamillo*, 238 N. Y. 375; *Matter of Callahan*, 139 N. Y. 51; *Simmonds* v. *Sowers*, 253 App. Div. 819; 282 N. Y. 651; *Norton & Siegel, Inc.*, v. *Nolan*, 276 N. Y. 392; *Hooper* v. *Beecher*, 109 N. Y. 609; *Mansbacher* v. *Prudential Ins. Co.*, 273 N. Y. 140; *Henderson* v. *Henderson*, 247 N. Y. 428; *Citizens Trust Co.* v. *Prescott & Son, Inc.*, 221 App. Div. 426; *Stephens* v. *Ringling*, 102 S. C. 329; *Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14; *Baldwin* v. *Iowa State Traveling Men's Assn.*, 283 U. S. 522; *Johnston* v. *Compagnie Generale Transatlantique*, 242 N. Y. 381; *Carleton* v. *Lombard, Ayres & Co.*, 149 N. Y. 137; *Tillman* v. *Tillman*, 93 S. C. 281.) The South Carolina judgment is binding upon the liquidator. (*People* v. *Square Deal Poultry Corp.*, 218 App. Div. 746; *Clark* v. *Williard*, 292 U. S. 112; *Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183; *Olcott* v. *Maclean*, 73 N. Y. 223; *Maxwell* v. *Stewart*, 21 Wall. 71; 22 Wall. 77.) The Superintendent of Insurance is estopped as against respondent bank from interposing the alleged setoff. (*Trustees* v. *Smith*, 118 N. Y. 634; *McClare* v. *Mass. Bonding & Ins. Co.*, 266 N. Y. 371; *Curnen* v. *Mayor*, 79 N. Y. 511; *Carnegie Trust Co.* v. *First National Bank*, 213 N. Y. 301; *Tylee* v. *Yates*, 3 Barb. 222; *Henry* v. *Brown*, 19 Johns. 49; *Gould* v. *Chase*, 16 Johns. 226.)

FINCH, J. This is a proceeding to establish a creditor's claim against the assets of the National Surety Company now in the course of liquidation by the Superintendent of Insurance. The claim is founded on a judgment rendered in another State after June 1, 1934, on which date the corporate existence of National Surety was terminated by order of the Supreme Court of this State.

In 1931, National Surety Company executed a surety bond on behalf of Copeland-Wey, Inc., as principal, guaranteeing to the Highway Department of South Carolina the performance of a highway construction contract and the payment of claims for labor and materials in connection with the highway project. J. H. Milford subcontracted with Copeland-Wey and assigned the contract to Milford Construction Company, which alleges a claim of approximately $5,000. In February, 1933, a representative creditors' action was brought in South Carolina against Copeland-Wey, Inc., National Surety Company and the South Carolina State Highway Department, on behalf of all persons having claims against the defendants in connection with the road construction project. The Court of Common Pleas of South Carolina designated the Official Master of Richland county to hear the claims. Milford Construction Company filed its claim and a hearing thereon was held on May 24, 1933. In May, 1933, shortly after proceedings for the rehabilitation of National Surety Company were begun in this State, receivership proceedings were instituted in South Carolina and local receivers were appointed. In July, 1934, the South Carolina court in these receivership proceedings ordered that the claims against National Surety Company be referred to the same Official Master to whom the claims in the prior action previously had been referred. The report by the Official Master, captioned in both South Carolina proceedings, was filed in March, 1935. Shortly thereafter the Court of Common Pleas confirmed the recommendations of the Master and directed that the various creditors should have judgment against National Surety Company in the respective amounts allowed. Judgment in favor of Milford

Construction Company was thereafter entered in the creditors' representative action instituted against Copeland-Wey, Inc.

Meanwhile, however, on June 1, 1934, before the entry of judgment in South Carolina, National Surety Company, a New York insurance corporation, was dissolved by order of the Supreme Court of this State, and the Superintendent of Insurance took possession of its property for purposes of liquidation.

The claimant Milford Construction Company filed its claim with the New York liquidator in March, 1935, and in October, 1937, assigned its claim as collateral for a loan by the claimant County Bank of Greenwood, South Carolina. During the interim, on October 2, 1935, the New York liquidator sent a notice to the Milford Construction Company that " Your claim in the amount of $5,039.83 has been examined and found to be correct, and will be recommended to the Court for allowance in that amount." The New York liquidator, however, did not recommend the claim for allowance. In this connection we note that according to the records of National Surety Company, the company had a claim of about $20,000 against J. H. Milford individually as a result of liability incurred in connection with some other surety bond and the liquidator has questioned the validity of the assignment. Claimants-respondents contend that their claim is unaffected by any setoff in favor of National Surety Company against J. H. Milford individually. In view of the result at which we have arrived this issue becomes immaterial.

The claim filed with the New York liquidator by the Milford Construction Company was referred to a referee who recommended the allowance of the claim on the ground that by force of the provisions of section 29 of the General Corporation Law [Cons. Laws, ch. 23] of the State of New York, the corporate existence of National Surety Company was continued for the purpose of being sued even after the entry of the order of dissolution, and that, therefore, the judgment rendered in South Carolina was binding in this

State and conclusive on all questions affecting the claim. The referee, on the other hand, rejected the contention of claimants that as a matter of fact the New York liquidator had participated in the South Carolina proceedings and, therefore, was bound thereby as a party to the action would have been regardless of the effect of section 29 of the General Corporation Law. Special Term confirmed the report of the referee and the Appellate Division affirmed. Appeal is taken by leave of this court.

Three questions are presented by the record on this appeal: *First*, whether the South Carolina judgment is conclusive in view of the provisions of section 29 of the General Corporation Law; *second*, whether the South Carolina judgment is conclusive in view of the conduct of the New York liquidator in the South Carolina proceedings, and *third*, the effect of the liquidator's notice of October, 1935, that the claim would be recommended for allowance. No proof in support of the claim was presented other than the South Carolina judgment and, therefore, unless the judgment is binding upon the courts of this State, the claim must be dismissed.

Subsequent to the report of the referee in the proceeding at bar, we held in *Matter of National Surety Co. [Laughlin]*, (283 N. Y. 68) that because of the conflict between section 29 of the General Corporation Law and the provisions of the Insurance Law (Cons. Laws, ch. 28) concerning the dissolution of insurance companies, section 29 does not apply to the case of insurance companies in the process of liquidation. This is in accordance with section 6 of the General Corporation Law to the effect that where there is any other corporation law which conflicts with the General Corporation Law, the former shall prevail. The effect of the dissolution of the insurance company, therefore, is to be determined by the common law.

" It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution can not be distinguished from the death of a natural person in its

effect [cit. cas.]. It follows therefore that, as the death of the natural person abates all pending litigation to which such person is a party, dissolution of a corporation at common law, abates all litigation in which the corporation is appearing either as plaintiff or defendant." (*Oklahoma Natural Gas Co.* v. *Oklahoma*, 273 U. S. 257, 259; *Pendleton* v. *Russell*, 144 U. S. 640; *Matter of National Surety Co.* [*Laughlin*], 283 N. Y. 68; certiorari denied, *sub nom. Laughlin* v. *Pink*, 311 U. S. 707, Nov. 25, 1940.)

Respondents do not attempt to argue in opposition to the foregoing principle but seek to sustain the result below on the ground that the New York liquidator virtually appeared in the South Carolina proceedings and, therefore, is bound by the judgment rendered therein. The evidence in this regard consists of letters and other papers in the files of the liquidator which show that he endeavored to keep informed of the course of the ancillary receivership proceedings in South Carolina, and that he contemplated the possibility of contesting unfounded claims. The receivers appointed in South Carolina had the right to conduct an ancillary receivership to reduce to possession and to distribute to local creditors the statutory deposit and other assets in that State and those receivers were in control of the litigation in South Carolina. The New York Superintendent of Insurance, as domiciliary liquidator, was interested in the result of the South Carolina proceedings to the extent that there would be transmitted to this State any surplus available after the payment of just claims filed in the ancillary receivership. In order to keep informed of the progress of the ancillary receivership and to indulge in the opportunity to contest claims filed therein in the event he considered it advisable, the domiciliary liquidator may request information of the ancillary receivers or their attorney. The referee found that the Superintendent of Insurance as domiciliary liquidator never exercised any control over the South Carolina proceedings, but left such control to the foreign representatives of the company or to the receivers appointed by the South Carolina court.

Special Term confirmed the report of the referee and the Appellate Division has affirmed.

The findings of the referee are supported by ample evidence and are conclusive upon appeal to this court. (State Const. art. VI, § 7; Civ. Prac. Act, § 589.) Respondents contend that we must presume that Special Term made whatever findings of fact are necessary to support the result reached below, and cite *Marshall* v. *Meech* (51 N. Y. 140). In that case the report of the referee was disaffirmed by Special Term, and, therefore, it was held that this court would not presume that Special Term adopted the findings of the referee whose report was disaffirmed. That case is no authority for the position of respondents in the case at bar, since Special Term here confirmed the referee's report.

In view of the fact that respondents failed to establish that the liquidator controlled the South Carolina litigation, evidence of his interest in the outcome of the proceedings cannot be deemed to prove a general appearance so as to render him bound by the judgment. (*Bigelow* v. *Old Dominion Copper M. & S. Co.*, 225 U. S. 111, 126; *Fish* v. *Vanderlip*, 218 N. Y. 29.)

Respondents also contend that in view of the notice of the liquidator that the claim of the Milford Construction Company had been found correct and would be recommended for allowance, he is now estopped to assert the existence of a setoff. This argument is of no avail to respondents, since in the view which we take of the case they have failed to establish their claim, and, therefore, the question of a setoff does not arise. If, however, respondents mean to suggest that the liquidator is estopped to dispute the validity of the claim as distinguished from the validity of the setoff, then their position is incorrect, for a claim against the assets of the dissolved insurance company may be allowed or disallowed only by the court and, as the referee found, the representation of the liquidator, even if it were not considered to be promissory, could not estop the court.

Since the judgment rendered in the South Carolina proceedings is not binding upon the courts of this State, it follows that the order of the Appellate Division and that of the Special Term should be reversed and the claim disallowed, without costs.

DESMOND, J. (dissenting). I agree with Judge FINCH's conclusion that section 29 of the General Corporation Law was inoperative in this situation. I disagree with his conclusion as to the legal effect of the admitted activities of the Superintendent of Insurance in connection with the South Carolina receivership. The Superintendent had an interest in any surplus that might remain of the company's assets in South Carolina after local claims were satisfied, and the Superintendent quite properly took steps to investigate and protect that interest. On the proof before the referee a question of fact arose as to whether those steps were of such nature as to have made the Superintendent a party litigant in the South Carolina proceedings and so bound by the judgment which ended those proceedings. As showing such a dispute of fact we need only point to the evidence before the referee that the Superintendent instructed the attorney for the South Carolina receivers to defend any unfounded claims, promised to pay that attorney for his services, requested and obtained from the Special Master a postponement of the hearings in South Carolina, sent a representative to South Carolina to confer with the Special Master concerning these claims, received from the Special Master a report on the allowance of claims, and asked for and received an opportunity to object to any of the claims. Such proof, I think, was ample to support a finding of fact in this proceeding that the Superintendent had become an active litigant in the South Carolina receivership. The referee, who was appointed in this proceeding to hear and report only, did not make such a finding but found to the contrary. His report was confirmed by Special Term without opinion, and the Special Term order was affirmed by the Appellate Division, again without

opinion. In this situation, as the case comes to us, we are in no way bound by the finding of the referee that the Superintendent of Insurance was not an active litigant in the South Carolina proceedings. Findings by such a referee are " merely to inform the conscience of the court " (*Marshall* v. *Meech*, 51 N. Y. 140, 148) and so the validity of the Special Term's order of confirmation does not depend on the findings of the referee. Rather we are required to assume that Special Term made for itself such findings of fact as are necessary to support the order. (*Trustees of Amherst College* v. *Ritch*, 151 N. Y. 282, 321; *Britton* v. *Scognamillo*, 238 N. Y. 375, 377.) This seems to be the rule whether Special Term confirms the referee's report as here, or disaffirms it, as in *Marshall* v. *Meech* (*supra*). (See *Bannon* v. *Bannon*, 270 N. Y. 484, 492.) Required as we are to assume that Special Term found as fact that the Superintendent of Insurance did place himself in the role of a litigant in South Carolina, and discovering, as we do, ample testimony to support such a finding, we must conclude that the result reached below was correct.

LOUGHRAN, LEWIS and CONWAY, JJ., concur with FINCH, J.; DESMOND, J., dissents in opinion in which LEHMAN, Ch. J., and RIPPEY, J., concur.

Orders reversed, etc.