**LEISERSON & ADLER, Inc.**

**v.**

**KEAM et al.**

Court of Appeals of Kentucky.

March 26, 1954.

Morris Weintraub, Charles J. Schear, Newport, Charles Rodner, Cincinnati, Ohio, for appellant.

Orie S. Ware, William O. Ware, James C. Ware, Ware & Ware, Covington, for appellees.

STEWART, Justice.

This action for $2,000 on a guaranty contract was instituted by plaintiff, Leiserson and Adler, then a New York corporation, against defendant, Benjamin F. G. Keam, on February 5, 1935, and judgment was rendered therein in favor of plaintiff on December 27, 1935. An execution issued on the judgment March 6, 1936, which was levied on certain property of Keam, and plaintiff filed another suit on September 4, 1936, seeking to enforce the execution lien thereby created by the sale of Keam's interest in certain real estate, and other persons with whom the latter owned the property jointly were named as parties defendant. Defendants answered in this last suit by denying the corporate existence of plaintiff.

No further action was taken by plaintiff until December 9, 1948, when a second execution issued on the judgment which was levied on certain of Keam's property that had not been discovered until then. Instead of amending the petition of September 4, 1936, the present suit was filed on January 18, 1949, to enforce the execution liens covering all the property on which the two levies had been made.

Defendants by an answer to this third suit entered a plea in abatement, based upon the averment that the charter of plaintiff had been forfeited; that the corporate existence of Leiserson and Adler had been dissolved on December 16, 1935, by appropriate action taken by the Secretary of State of New York under Section 203–a of Article 9 of Chapter 60 of the McKinney's Consolidated Laws of that state, Tax Law; and that by reason of the forfeiture of the charter and the dissolution of the corporation the judgment rendered on December 27, 1935, the two executions which had been levied and all suits thereafter instituted to foreclose on the execution liens were void.

Plaintiff's reply, in so far as pertinent here, admitted it had forfeited its charter in the manner and for the reason set forth in the answer to the present suit, but denied that the judgment and the subsequent proceedings were void as alleged in that pleading and instead relied upon Section 29 of the General Corporation Law of New York, McK.Consol.Laws, c. 23, which provides in substance that upon the dissolution of a corporation "for any cause, whether voluntary or involuntary," its corporate existence shall continue for the purpose of paying, satisfying and discharging its liabilities and collecting and distributing its assets and winding up its affairs, including as here the right to sue and be sued in its corporate name. This pleading further alleged and relied upon an amendment to Section 203–a, above mentioned, enacted by the Legislature of New York in 1941, which provided that Section 29 should apply to any corporation "heretofore or hereafter dissolved" under Section 203–a.

Defendants by amended answer alleged that plaintiff, as a result of its dissolution, became legally dead on December 16, 1935, so that the judgment entered on December 27, 1936, was a nullity; that the amendment of 1941 did not and could not have a retroactive effect and bring to life something which had never had an existence in fact; and that any interpretation of the amendment which would alter the status of the purported void judgment entered after December 16, 1935, the date the corporation became *civiliter mortuus,* would deprive defendants of their vested rights in violation of Section 1 of the 14th Amendment to the Constitution of the United States. The amended answer also interposed a plea of limitations.

By appropriate orders the three foregoing suits were consolidated. Plaintiff filed a general demurrer to the answer and amended answer of defendants. The case was then submitted and judgment for defendants was entered by overruling the demurrer and dismissing the cause. Plaintiff contends this ruling of the lower court was erroneous. We shall refer herein to appellant as plaintiff and appellees as defendants.

The crux of this litigation is whether the Chancellor correctly held that plaintiff's dissolution on December 16, 1935, terminated its existence for any and all purposes, thereby rendering the judgment of December 27, 1935, void and nullifying any of the later steps taken to enforce that judgment. While admitting its corporation existence was terminated eleven days before the entry of the judgment it is attempting to enforce, plaintiff nevertheless insists that under Section 29 of the General Corporation Law of that state it was entitled to continue with its suit and obtain a valid judgment as it did. On the other hand, it is defendants' theory that relief under this section may not be resorted to in the state of New York or elsewhere by a New York corporation dissolved in that state for the nonpayment of franchise taxes. Section 29 reads: "Upon the dissolution of a corporation for any cause and whether voluntary or involuntary its corporate existence shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up its business affairs, and it may sue and be sued in its corporate name."

■ General statutes of the state in which a foreign corporation does business, extending the existence of dissolved corporations for winding-up purposes, do not apply to enable the foreign corporation to sue or be sued in that state after its dissolution in the state of the domicile, unless the scope of such statutes is extended to foreign corporations by explicit words, contained either in the statutes themselves or in some other statute. See 23 Am.Jur.,

Foreign Corporations, Section 475, page 461. Our statute, KRS 271.585, pertaining to the rights and remedies of a dissolved corporation in closing out its affairs, does not extend these benefits to foreign corporations. Since appellant was not qualified or authorized to do business in Kentucky, its existence and its powers were derived solely from the law of the state of its creation. We take judicial notice of the common law and the statutes of the state of New York as well as similar laws of all other states of the United States. See KRS 422.081. We therefore turn to the law of the state of New York for the answers to the crucial questions raised in this suit.

■ As the death of the natural person abates all pending litigation to which such a person is a party, by like token the dissolution of a corporation at common law abates all litigation in which the corporation appears either as plaintiff or defendant. See 1 Am.Jur., Abatement and Revival, Section 56, page 59. A clear statement on this subject relative to a corporation is set forth in MacAffer v. Boston & Maine R. R. Co., 242 App.Div. 140, 273 N.Y.S. 679, 686, in this language: "At common law every real or personal action abated on the death of either the sole plaintiff or the sole defendant before verdict and judgment, and this is still the law except insofar as the common-law has been modified by statute. (Citing cases.) Justice Story, in Mumma v. Potomac Co., 8 Pet. 281, 286, 8 L.Ed. 945, said: 'There is no pretence to say that, a scire facias can be maintained, and a judgment had thereon, against a dead corporation, any more than against a dead man.' The dissolution of a corporation implies its utter extinction and obliteration as a body capable of suing or being sued".

■■ It is apparent that prior to the year 1941 a great deal of confusion existed among the various higher courts of the state of New York as to whether a legally dead corporation, declared such under its tax law, could take advantage of the privileges conferred by Section 29 of the General Corporation Law of that state. Until that year, only one decision having any bearing on this particular issue had been

handed down by its highest court. This case was Matter of S. M. & J. Eisenstadt, Inc. (In re Heffernan), 256 App.Div. 488, 10 N.Y.S.2d 868, 871, decided in 1939; and there the Supreme Court of New York posed this inquiry: "The problem thus presented is whether Section 29, which includes a dissolution 'for any cause and whether voluntary or involuntary', applies to a corporation dissolved under Section 203–a of the Tax Law, for which special provision has been made." The opinion then proceeded to hold that Section 29 of the General Corporation Law permitting a corporation, although dissolved, to sue and be sued in its corporate name did not apply to a corporation dissolved for failure to pay its franchise tax in which case the power to sue was governed by the tax law. It was adjudged that the action was not maintainable. On appeal, the decision of the Supreme Court was upheld by the Court of Appeals, the highest court of that state. See 283 N.Y. 578, 27 N.E.2d 439. The foregoing rule was approved in Brady v. State Tax Commission, 176 Misc. 1053, 29 N.Y.S. 2d 88, 91, handed down in 1941, wherein this statement appears: "A corporation dissolved under Section 203–a is legally dead and can no longer sue or be sued, except in the limited respects specifically permitted by the statute. Its existence has been terminated and it is not even a de facto corporation."

While appellant has cited cases on the subject under discussion to the contrary, it is to be noted these cases were the opinions of a single judge and they were not decided by the highest court of that state and, with one exception, they were decided before the Court of Appeals in the Eisenstadt case settled the law on this point. The exception is a case decided in 1943 after the amendment of 1941 provided that Section 29 of the general corporation law should apply to any corporation "heretofore or hereafter dissolved" under Section 203–a of the tax law. Therefore, we must conclude that upon its dissolution on December 16, 1935, plaintiff became *civiliter mortuus* or, so to speak, "dead in law." The action upon which the judgment was rendered on De-cember 27, 1935, was no longer capable of prosecution subsequent to the dissolution date of the corporation, and the judgment that resulted was void.

Plaintiff seeks to evade the fatal weakness we have indicated in its case by pointing out that in 1941 the Legislature of New York amended Section 203–a by adding this language thereto: "The provisions of section twenty-nine of the general corporation law shall apply to any corporation heretofore or hereafter dissolved under this section." It asserts the latter change removed any and all doubt as to the applicability of Section 29 of the general corporation law to corporations dissolved for tax delinquency, either before or after the effective date of the amendment, and made it legal for such corporations to institute and maintain actions in their corporate names for the recovery of assets in existence at the time of dissolution. As a consequence, plaintiff maintains the judgment of December 27, 1935, is now and has been since 1941 valid, making the present suit, based on that judgment, likewise valid.

 Conceding, but not deciding, that on the effective date of the amendment to Section 203–a, plaintiff might then or within a reasonable time thereafter have instituted a new action on any existing contract right it may have had, against the debtor defendant, Keam, and assuming, moreover, that limitations had not run against such a demand, it must be remembered this is not such a suit; it is an action to enforce collection of a void judgment. As we have conclusively shown, the action abated by the civil death of the corporation on December 16, 1935, and the judgment thereafter entered was a nullity. The Legislature has the power to effect procedural changes in the law but such changes cannot be carried backward so that they destroy rights which have theretofore accrued. See In re Goldberg's Estate, 157 Misc. 49, 283 N.Y.S. 72. It is beyond the power of the Legislature to revive an action which has abated prior to the passage of the statute. 16 C.J.S., Constitutional Law, § 264, page 683. One has a vested right in a defense, such as that in-

volved here, and any statute which takes away this defense and creates a new obligation in respect to transactions already terminated would violate Section 1 of the 14th Amendment to the Constitution of the United States and therefore must be deemed void as depriving one of property without due process of law.

The further enforcement of the cause of action, to say the least, necessitated the bringing of a new suit. After the amendment to Section 203-a in 1941 a new action might conceivably have been filed by plaintiff against defendant, Keam, since the written guaranty agreement was still a valid and subsisting contract. See 413.090(2). This was not done; instead, the action of January 18, 1949, was filed to enforce execution liens based on the void judgment. The authority of a dissolved corporation to bring suit to wind up its affairs in 1941 was limited to a reasonable time after its dissolution, and it was held in Ewald Iron Company v. Commonwealth, 140 Ky. 692, 131 S.W. 774, that a two-year period was reasonable for this purpose. Our old corporation laws were repealed in 1946 and a complete new code governing corporations was adopted at that time. KRS 271.585, the provision of the new code applicable to winding-up proceedings by a dissolved corporation, requires a defunct corporation to commence all suits within two years after its dissolution. This jurisdiction is the lex fori in the case at bar and therefore determines the time within which a cause of action may be enforced in this state. Adams Express Co. v. Walker, 119 Ky. 121, 83 S.W. 106, 67 L.R.A. 412. Defendants pleaded and relied upon the two-year limitation period as fixed by judicial decree under the old corporation law and as specifically set forth in KRS 271.585 of the new corporation code as a bar to plaintiff's enforcement of its claim. If plaintiff was entitled to file a new suit on its claim, and assuming for the sake of argument the action filed on January 18, 1949, was such a suit, the cause of action was barred because it was filed more than two years after 1941, the date the amendment was passed under which it claimed the right to file the suit.

Wherefore, the judgment is affirmed.