W & K Farms, Inc., appellant, v. Aaron R. Walter, appellee.
458 N.W.2d 230

Filed July 27, 1990.   No. 88-911.

George H. Moyer, Jr., of Moyer, Moyer, Egley, Fullner & Warnemunde, for appellant.

Richard L. Spittler for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Hastings, C.J.
This is a continuance of *W & K Farms v. Hi-Line Farms*, 226 Neb. 895, 416 N.W.2d 10 (1987).

Upon remand of the cause to the district court following the first opinion, appellant W & K Farms, Inc., filed a third amended petition, alleging generally that Hi-Line Farms, Inc., made and delivered to plaintiff W & K Farms its promissory note in the sum of $38,595.92; that with a minor exception, no payment had been made on the note; that defendant Aaron R. Walter asserted that Hi-Line Farms was dissolved for nonpayment of occupation taxes on August 4, 1981, pursuant to Neb. Rev. Stat. § 21-313 (Reissue 1977), and the survival statute, Neb. Rev. Stat. § 21-20,104 (Reissue 1987), had expired, thus barring plaintiff's suit against the corporation; and that since dissolution of the corporation, defendant Walter, as the sole remaining officer and only stockholder, appropriated the corporate property as his own without regard

to plaintiff's debt and had failed and refused to pay the debt.

The amended petition goes on to allege that defendant Walter holds the property of the corporation in trust for the creditors and prays for judgment against Walter in the amount of the unpaid balance of the note.

Defendant Walter demurred to this amended petition. Plaintiff W & K Farms asked leave of the court to amend its third amended petition by alleging that Walter was a director of the dissolved corporation. Leave was denied, the demurrer was sustained, and the third amended petition was dismissed on the basis that the survival period of § 21-20,104 had expired.

Section 21-20,104 provides in part that "[t]he dissolution of a corporation . . . shall not take away or impair any remedy . . . for any right or claim existing; or any liability incurred, *prior to such dissolution* if action or other proceeding thereon is commenced within two years after the date of such dissolution." (Emphasis supplied.)

It is the appellee's theory, and the holding of the trial court, that this was a suit for recovery on the note which was in fact brought more than 2 years after the dissolution of the corporation. Appellant's theory of the case is that it is not suing on a liability incurred prior to dissolution.

Having been dissolved by the Secretary of State, the corporation, Hi-Line Farms, needed to be liquidated. "Liquidation," as applied to a corporation, means the winding up of the affairs of the corporation by collecting all its assets, settling with creditors and debtors, and apportioning the amount of profit and loss. 16A W. Fletcher, Cyclopedia of the Law of Private Corporations § 7968 (rev. perm. ed. 1988). Since liquidation requires that corporate debts be taken care of, any distribution of assets to shareholders without taking care of corporate debts would be illegal, and corporate creditors can assert claims against shareholders in possession of corporate assets.

Furthermore, Neb. Rev. Stat. § 21-2046 (Reissue 1983) provided in part as follows:

*In addition to any other liabilities*, a director shall be liable in the following circumstances unless he or she complies with the standard provided in sections 21-2001 to

21-20,134, for the performance of the duties of directors:

. . . .

(3) A director who votes or assents to any distribution of assets of a corporation to its shareholders during the liquidation of the corporation without the payment and discharge of, or making adequate provision for, all known debts, obligations, and liabilities of the corporation shall be liable, jointly and severally with all other directors so voting or assenting, to the corporation for the value of such assets which are distributed, to the extent that such debts, obligations, and liabilities of the corporation are not thereafter paid and discharged . . . .

(Emphasis supplied.) Appellant sought to allege liability on the part of the appellee as a director who voted or assented to a distribution of assets of the corporation to the detriment of existing creditors.

Liquidation of Hi-Line Farms occurred *after* the corporation was dissolved. Appellant alleges that Walter, as shareholder, took control of the corporate assets after the dissolution and sought to allege that Walter, as director, assented to such distribution of the corporate assets. Appellant's claim against Walter as sole shareholder and director of Hi-Line Farms arose after dissolution and is not barred by § 21-20,104.

The trial court should have allowed W & K Farms to amend its third amended petition to allow the allegation that Walter was a director, and the court erred in sustaining the demurrer and in dismissing the petition.

The judgment of the district court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.