SAMUEL K. POPPLETON AND WILLIAM S. POPPLETON III, APPELLANTS, v. VILLAGE REALTY CO., INC., A NEBRASKA CORPORATION, ET AL., APPELLEES.

535 N.W.2d 400

Filed July 7, 1995.   No. S-93-892.

David L. Buelt, of Ellick, Jones, Buelt, Blazek & Longo, for appellants.

Richard E. Croker and Martin P. Pelster, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, P.C., for appellee Union Pacific Railroad Company.

WHITE, C.J., CAPORALE, FAHRNBRUCH, WRIGHT, and CONNOLLY, JJ.

FAHRNBRUCH, J.

Samuel K. Poppleton and William S. Poppleton III appeal a summary judgment in which a district court refused to quiet title in them of real estate formerly used as a railroad right-of-way.

The district court found that the Poppletons and all persons claiming under them, or either of them, have no estate, right, title, lien, or interest in or to the real estate involved.

The court quieted title to the real estate involved herein in the defendant Lyman–Richey Corporation subject to the terms, provisions, and mineral reservation contained in a deed from Union Pacific Railroad Company to Village Realty Co., Inc., dated February 24, 1992, as corrected by an instrument dated May 12, both of which were filed with the Douglas County register of deeds.

We affirm the holdings of the district court for Douglas County.

## ASSIGNMENTS OF ERROR

In substance, the Poppletons contend that the trial court erred in (1) failing to recognize that a specific statute protects the Poppletons' reversionary interest; (2) failing to recognize that the reversionary interest claimed by the Poppletons is protected by due process and contract clause requirements under the federal and state Constitutions; (3) finding that the appellees

were entitled to a summary judgment; (4) failing to receive certain evidence at the hearing on the appellees' motion for summary judgment; (5) failing to properly consider the contractual nature of the deed which reserved a reversionary interest to the Poppletons; (6) relying upon inapplicable and noncontrolling case law in reaching its decision in this case; and (7) not finding the appellees were estopped by their prior course of conduct from asserting their present legal positions.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party or parties against whom the judgment is granted and gives such party or parties the benefit of all reasonable inferences deducible from the evidence. See, *Molt v. Lindsay Mfg. Co., ante* p. 81, 532 N.W.2d 11 (1995); *Keefe v. Glasford's Enter., ante* p. 64, 532 N.W.2d 626 (1995).

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Molt, supra*; *Keefe, supra*.

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that if the evidence presented for summary judgment remains uncontroverted, the moving party is entitled to judgment as a matter of law. *Keefe, supra*; *Wagner v. Pope*, 247 Neb. 951, 531 N.W.2d 234 (1995).

Since this is a quiet title action, it sounds in equity. See, *State v. Union Pacific RR. Co.*, 241 Neb. 675, 490 N.W.2d 461 (1992), *opinion modified* 242 Neb. 97, 490 N.W.2d 461 (*Union Pacific I and II*); *Drew v. Walkup*, 240 Neb. 946, 486 N.W.2d 187 (1992). On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent from the conclusion reached by the trial court. *Pick v. Nelson*, 247 Neb. 487, 528 N.W.2d 309 (1995).

## FACTS

Viewing the evidence in a light most favorable to the Poppletons and giving them the benefit of all reasonable inferences deducible from the evidence, the facts of this case are as follows:

The Poppletons are the great–grandsons and only heirs of Andrew J. Poppleton. In November 1885, Andrew Poppleton conveyed to the Omaha Belt Railway Company by warranty deed a strip of real estate located in Douglas County. In the deed, Poppleton's wife, Caroline, relinquished her right to dower in the property conveyed to Omaha Belt Railway. Following the habendum clause, the 1885 deed contains a clause that "[i]n case the land conveyed in this deed shall be abandoned for railway purposes by the grantee or its successors, the same shall revert to the grantor, his heirs or assigns . . . ."

The legal description of the land involved in this case as described by the trial court is:

"Part of the abandoned Missouri Pacific Railroad right-of-way lying within the Southwest ¼ of the Southwest ¼ of Section 17, Township 15 North, Range 13 East of the 6th P.M., Douglas County, Nebraska and within the Northwest ¼ of the Northwest ¼ of Section 20, Township 15 North, Range 13 East of the 6th P.M., Douglas County, Nebraska all more particularly described as follows: Beginning at the point of intersection of the South line of California Street and the West line of said abandoned railroad; Thence South (assumed bearing) 1258.70 feet on the West line of said abandoned railroad; Thence South (assumed bearing) 1258.70 feet on the West line of said abandoned railroad [sic]; Thence S89°30'00"E 100.00 feet on a line 1298.70 feet South of and parallel with the South line of West Cuming Addition, as surveyed, platted and recorded in said Douglas County to the East line of said abandoned railroad; Thence North 1258.70 feet on the East line of said abandoned railroad to the South line of California Street; thence N89°30'00"W 100.00 feet on the South line of California Street to the point of beginning."

On January 19, 1910, Omaha Belt Railway, by quitclaim

deed, conveyed its interest in the land to the Missouri Pacific Railway Company. On April 1, 1984, Missouri Pacific quitclaimed its interest in the land to Union Pacific, one of the defendants in this lawsuit.

On February 24, 1992, Union Pacific, by quitclaim deed, conveyed the property to Village Realty, subject to certain terms, provisions, and mineral reservation contained in the conveyance. On July 22, Village Realty conveyed by warranty deed its interest in the property to Lyman–Richey.

All parties to this lawsuit agree that the property here in question has not been used for railroad purposes since the conveyance from Union Pacific to Village Realty in 1992. The Poppletons contend that such lack of use constitutes abandonment of Union Pacific's interest and that fee simple absolute title vested in the Poppletons as heirs of Andrew Poppleton pursuant to their "reverter" clause in the 1885 deed.

Union Pacific filed a motion for summary judgment contending that the issues were governed by *Union Pacific I and II*. In those two opinions, this court found that the deeds in question, which contained similar language to the deed in the present case, created a fee simple estate subject to a condition subsequent. This court held that the reversionary interests set forth in the deeds were void as an unlawful restraint on the alienation of the properties involved because they adversely affected the marketability of the properties.

In the case at bar, the trial court granted Union Pacific's motion for summary judgment. The court found that the facts in this case had been previously ruled upon in *Union Pacific I and II* and that as a matter of law, the Poppletons' claim to the property was void.

The Poppletons moved for a new trial which was overruled.

Originally, the Poppletons appealed the district court judgment to the Nebraska Court of Appeals. Pursuant to our authority to regulate the caseloads of the appellate courts, this case was removed from the Court of Appeals' docket to this court's docket.

## ANALYSIS

We will address only the Poppletons' sixth and first

assignments of error which are dispositive of this appeal. The Poppletons argue that the trial court erred in relying upon *Union Pacific I and II* because they are distinguishable and do not control the present case. We disagree.

The critical parts of the 1885 deed in the present case are substantially the same as the deeds interpreted by this court in *Union Pacific I and II*. In *Union Pacific I and II*, the deeds provided in pertinent part:

> "Know all Men by these Presents, That [the Grantors] For the consideration of . . . Dollars in hand paid by the Omaha and Republican Valley Railway Company of Nebraska a corporation organized under the laws of the State of Nebraska, the receipt of which is hereby acknowledged, do hereby GRANT and CONVEY unto the said Railroad Company and to their [sic] successors and assigns forever, the following piece or parcel of land, situate in the County of . . . and State of Nebraska, to-wit: A strip of land through . . . two hundred (200) feet in width, being One Hundred feet on either side of the centre line of the Road of said Company as located or to be located by the Engineer of said Railroad Company.
>
> TO HAVE AND TO HOLD the same unto the said Railroad Company and to their [sic] successors and assigns forever. *PROVIDED, That in case said Railroad Company do [sic] not construct their [sic] road through said tract, or shall after construction permanently abandon the route through said tract of land, then the same shall revert to and become reinvested in the said grantors, their heirs or assigns.*"

(Emphasis supplied.) *Union Pacific I*, 241 Neb. at 680, 490 N.W.2d at 465.

We note that the granting clause as well as the habendum clause in the case at bar are similar to those in the deeds given to the railroad in *Union Pacific I and II*. Just as in those cases, the granting clause in the deed given by Andrew Poppleton to Omaha Belt Railway conveys the entire estate, with no exceptions, reservations, or specifications for the use of the land. As in *Union Pacific I and II*, the habendum clause in the 1885 deed conveys the entire estate. *Union Pacific I and II* stand

for the proposition that ordinarily, in the event of repugnancy and inconsistency between grant, habendum, and description clauses of a deed, the granting clause will prevail.

We held in *Union Pacific I and II* that because of the reverter clause, each of the deeds there created a fee simple estate subject to a condition subsequent. The parties agree in this case that the 1885 deed also created a fee simple subject to a condition subsequent. The Poppletons contend that *Union Pacific I and II* do not apply in this case because no reversion holder was a party to that case. In *Union Pacific I and II*, the State acquired the property which abuts the railroad line by conveyance. In the present case, the Poppletons are heirs of the original owner of the invalid reversionary interest. We do not find this difference significant since the reverter clause was void from its inception as an unlawful restraint against alienation of the property. See *Union Pacific I and II.*

We next turn to the Poppletons' first assignment of error that the trial court failed to recognize a specific statute that protects their claimed reversionary interest. Neb. Rev. Stat. § 76-107(2) (Reissue 1990) provides that possibilities of reverter and rights of reentry for breach of conditions subsequent are limited to a 30-year duration. Neb. Rev. Stat. § 76-2,104(5) (Reissue 1990) provides an exception to the 30-year limitation set forth in § 76-107(2) in any grant or easement to any railroad.

In *Union Pacific II*, we found this exception not to be applicable. In that opinion, we found that the "possibility of reverter set out in the deeds to the Railroad obviously affects the marketability of the title the Railroad received and completely limits alienability. Therefore, the possibility of reverter in the deeds is void, and the Railroad owns the property in fee simple absolute." *Id.* at 99, 490 N.W.2d at 469. We relied on *Cast v. National Bank of Commerce T. & S. Assn.,* 186 Neb. 385, 183 N.W.2d 485 (1971), in which we held that a restraint on alienation in the form of a condition subsequent, forfeiting or terminating the fee simple estate, or providing for a limitation over upon the breach of the condition, is void. We further held that a condition subsequent attached to a fee simple estate which restrains alienation of the property conveyed is void whether such restraint is direct or indirect.

Accordingly, § 76-2,104(5) does not apply when conditions subsequent attached to a fee simple estate restrain alienability because such conditions subsequent are void ab initio.

Viewing the evidence in a light most favorable to the Poppletons, we find that no genuine issue of material fact exists. The facts of this case have been previously ruled upon in *Union Pacific I and II*, and the appellees are entitled to a judgment as a matter of law. Therefore, the trial court was correct in granting summary judgment in favor of the appellees and quieting title to the property in Lyman–Richey and Union Pacific as their interests may appear.

Because our discussion of the Poppletons' sixth and first assignments of error are dispositive of the appeal, we need not address the Poppletons' remaining assignments of error. The judgment of the district court is affirmed.

AFFIRMED.

LANPHIER, J., not participating.