STEVEN G. POLINSKI, APPELLANT, V. OMAHA PUBLIC POWER
DISTRICT AND NIELSEN CONSTRUCTION COMPANY, APPELLEES.

554 N.W.2d 636

Filed October 25, 1996.   No. S-94-1003.

Phillip G. Wright, of Quinn & Wright, for appellant.

John M. Ryan and Lawrence E. Welch, Jr., of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee OPPD.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Appellant, Steven G. Polinski, brought this negligence action against the Omaha Public Power District (OPPD) after he was injured when his jackhammer struck an underground powerline. The district court held that Polinski failed to file his claim with OPPD within 1 year, as required by Neb. Rev. Stat. § 13-919(1) (Reissue 1991), and therefore entered summary judgment in favor of OPPD. Polinski appeals. We affirm.

## ASSIGNMENTS OF ERROR

Polinski claims that the district court erred in granting OPPD's motion for summary judgment because (1) Polinski's cause of action against OPPD did not accrue until final disposition of his claim in the Nebraska Workers' Compensation Court,

(2) the proceedings in the Nebraska Workers' Compensation Court equitably tolled the statute of limitations, and (3) this court's decision in *Schoemaker v. Metropolitan Utilities Dist.*, 245 Neb. 967, 515 N.W.2d 675 (1994), is distinguishable from the present case and therefore not dispositive.

## BACKGROUND

On April 2, 1990, Polinski, an employee of Nielsen Construction Company (Nielsen), was injured when the jackhammer he was operating came in contact with underground high-voltage powerlines owned by OPPD. An investigation was conducted by OPPD shortly after the accident.

Polinski filed a workers' compensation claim against Nielsen on July 19, 1990. On January 28, 1991, the Workers' Compensation Court determined that Polinski was entitled to disability benefits. A rehearing before the compensation court was held on May 15, and on September 20, the court affirmed its January 28 award.

On July 12, 1991, Polinski, with newly retained counsel, sent a letter to OPPD advising that Polinski and his counsel were "in the process of gathering the necessary information to submit a demand" for Polinski's injuries suffered on April 2, 1990, and that the letter was to "serve as an attorney's lien in this matter." Polinski sent a second letter to OPPD on December 16 to serve as a "follow up" to the "initial demand and claim for compensation" sent on July 12. On December 19, OPPD sent a letter to Polinski stating that no voluntary settlement would be offered. Upon receipt of this letter, Polinski informed OPPD on January 6 that his claim was being withdrawn and that he would proceed against OPPD judicially. Pursuant to the Political Subdivisions Tort Claims Act (Act), Polinski filed suit against OPPD on March 25, 1992. Nielsen was made a party to the action pursuant to Neb. Rev. Stat. § 48-118 (Reissue 1993).

On July 20, 1992, OPPD filed an amended answer and a motion for summary judgment in the district court, alleging that Polinski had failed to file a written claim with OPPD within 1 year of his alleged injury, as required by the Act at § 13-919(1). The district court overruled this motion on March 5, 1993. Subsequent to that ruling, we issued our decision in

*Schoemaker v. Metropolitan Utilities Dist., supra.* In light of this decision, OPPD filed a motion to reconsider with the district court. Upon reconsideration, the district court sustained OPPD's motion for summary judgment, finding that Polinski did not comply with the notice of claim requirements set forth in the Act. Polinski appeals.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Bruning v. Law Offices of Ronald J. Palagi*, 250 Neb. 677, 551 N.W.2d 266 (1996); *Boyd v. Chakraborty*, 250 Neb. 575, 550 N.W.2d 44 (1996). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

The interpretation of statutes presents questions of law, in connection with which an appellate court has the obligation to reach an independent conclusion irrespective of the decision made by the court below. *ConAgra, Inc. v. Bartlett Partnership*, 248 Neb. 933, 540 N.W.2d 333 (1995).

## ANALYSIS

In this appeal, Polinski contends that his cause of action against OPPD under the Act did not accrue until the final disposition of his workers' compensation claim against Nielsen. Alternatively, Polinski argues that his pending workers' compensation claim against Nielsen equitably tolled the statute of limitations set forth at § 13-919(1).

### POLITICAL SUBDIVISIONS TORT CLAIMS ACT

We begin by noting that OPPD is a political subdivision as defined by the Act. See, Neb. Rev. Stat. § 13-903(1) (Reissue 1991); *Schmidt v. Omaha Pub. Power Dist.*, 245 Neb. 776, 515 N.W.2d 756 (1994). This negligence action against OPPD was therefore correctly initiated pursuant to the Act.

"The Political Subdivisions Tort Claims Act reflects a limited waiver of governmental immunity and prescribes the procedure for maintenance of a suit against a political subdivision." *Chicago Lumber Co. v. School Dist. No. 71*, 227 Neb. 355, 366, 417 N.W.2d 757, 764 (1988). At issue in this case are the procedural requirements regarding the filing of a claim with a political subdivision within statutory timeframes. In examining these requirements, we note that whether Polinski's July 12, 1991, letter was sufficient to constitute the filing of a claim in this case is not in question.

Neb. Rev. Stat. § 13-905 (Reissue 1991) of the Act requires all plaintiffs bringing a claim against a political subdivision to submit a written claim to that entity setting forth the time and place of the occurrence giving rise to the claim, along with any other pertinent facts known to the claimant. The time limit for the filing of a tort claim against a political subdivision is set forth at § 13-919(1), which provides, in pertinent part, that "[e]very claim against a political subdivision permitted under the Political Subdivisions Tort Claims Act shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body." For purposes of § 13-919(1), a cause of action accrues, thereby starting the period of limitations, when a potential plaintiff discovers, or in the exercise of reasonable diligence should discover, the political subdivision's negligence. *Hutmacher v. City of Mead*, 230 Neb. 78, 430 N.W.2d 276 (1988).

The filing or presentment of a claim under the Act is a condition precedent to commencement of a negligence action against a political subdivision. *Miles v. Box Butte County*, 241 Neb. 588, 489 N.W.2d 829 (1992); *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990). Noncompliance with the notice requirements is an available defense to a political subdivision, provided it is raised as an affirmative defense. *Id.*

OPPD's amended answer specifically raised as an affirmative defense Polinski's failure to provide written notice of his claim within the timeframes of § 13-919. It was therefore incumbent upon Polinski to prove that he complied with the notice requirements set forth in the Act. See, *Miles v. Box Butte County, supra*; *Millman v. County of Butler, supra*.

The undisputed facts in this case reveal that the first claim letter Polinski sent to OPPD was on July 12, 1991, more than 15 months after Polinski was injured. Thus, Polinski obviously failed to deliver a written claim to OPPD within the 1-year filing requirement set forth in § 13-919(1). Due to this failure to comply with the notice requirements, the district court sustained OPPD's motion for summary judgment.

### EFFECT OF WORKERS' COMPENSATION CLAIM

Polinski first argues that the district court erred in granting summary judgment because his pending workers' compensation claim against his employer, Nielsen, prohibited him from proceeding with his direct tort claim against OPPD. In support of this contention, Polinski directs our attention to § 48-118, which provides:

> When a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person . . . . [N]*othing in the Nebraska Workers' Compensation Act shall be construed to deny the right of an injured employee or of his or her personal representative to bring suit against such third person in his or her own name . . . but in such event an employer having paid or paying compensation to such employee or his or her dependents shall be made a party to the suit* for the purpose of reimbursement, under the above provided right of subrogation, of any compensation paid.

(Emphasis supplied.)

According to Polinski, § 48-118 requires him to name his employer, Nielsen, as a party in any action he brings against OPPD in order to protect Nielsen's subrogation rights. Since the amount of compensation Nielsen was required to pay Polinski was not ascertained until the compensation court's award on January 28, 1991, Polinski contends that his cause of action under the Act did not accrue until that date, because it was only then that Nielsen's subrogation interest was quantified. Thus, he argues that the July 12, 1991, claim letter was timely submitted within the requirements of § 13-919(1).

This court has held that § 48-118 is "for the benefit of the employer, so that he might recover from a third party, who negligently injured his employee, the amount he was required to pay by the compensation statute." *Danner v. Walters*, 154 Neb. 506, 519, 48 N.W.2d 635, 642 (1951). Section 48-118 does not, however, prevent an injured employee from initiating a negligence action against a third party. In fact, the statute specifically allows it, with the sole requirement being that an employer "having paid or paying compensation to such employee" must be made a party to the suit. See, *Niemeyer v. Forburger*, 172 Neb. 876, 112 N.W.2d 276 (1961), *Oliver v. Nelson*, 128 Neb. 160, 258 N.W. 69 (1934). Thus, § 48-118 does not control when an employee may file suit against a third party; rather, it sets out how such a claim is to be brought. As made explicit by the plain language employed in § 48-118, an employee can bring a suit against a third party at any time, provided that his or her employer be made a party *if* that employer has paid compensation benefits to the employee. Consequently, Polinski was not prohibited from bringing a negligence claim against OPPD prior to the computation of Nielsen's subrogation interests.

For purposes of the Act, the statute of limitations starts to run when a plaintiff discovers or should have discovered the negligent act of the political subdivision. *Hutmacher v. City of Mead*, 230 Neb. 78, 430 N.W.2d 276 (1988). Because Polinski's injury occurred on April 2, 1990; that is the date on which the 1-year filing requirements set forth in § 13-919(1) started. The fact that the workers' compensation award was not issued until January 28, 1991, is of no consequence, for Polinski was free to simultaneously bring an action against OPPD while seeking compensation from Nielsen in the Workers' Compensation Court.

Polinski alternatively argues that his good faith pursuit of the workers' compensation claim against Nielsen equitably tolled the Act's 1-year filing requirement and that the filing of his notice of claim on July 12, 1991, in no way prejudiced OPPD because it was aware of the underlying accident.

Although this court has never directly addressed the equitable tolling of a claim brought under the Act, we expressly rejected the argument in *Schoemaker v. Metropolitan Utilities Dist.*, 245 Neb. 967, 515 N.W.2d 675 (1994), that lack of prej-

udice relieves the notice requirements of the Act. In that case, we examined a tort claim brought under the Act against the Metropolitan Utilities District. Employees of the district had knowledge of the accident that injured Schoemaker and the possibility of a claim, although the district did not officially receive a written claim within 1 year of the accident, as required by § 13-919(1). Schoemaker argued that her failure to file a written claim did not cause the district any prejudice because it had knowledge of the accident and had even conducted an investigation. In rejecting this argument, we stated that "Section 13-905 requires notice to a designated individual or entity of a political subdivision in the form of a written claim. It would defeat the purpose of § 13-905 if mere knowledge of an act or omission, by a nondesignated party, was sufficient to satisfy the requirements of that section." *Id.* at 973, 515 N.W.2d at 679. Likewise, if we were to hold that Polinski's failure to file a claim within the required timeframe did not prejudice OPPD and therefore toll the statute of limitations, the notice of claim requirement of the Act would be defeated.

In short, the express notice requirements of the Act leave no room for application of the equitable tolling doctrine. As noted in *Schoemaker*, the failure to file a claim within the 1-year period of limitations terminates that claim regardless of whether the political subdivision was actually made aware of the possibility that a claim would eventually be brought. For these reasons, we conclude that the district court was correct in holding that Polinski's workers' compensation claim did not equitably toll the running of the limitations period set forth at § 13-919(1).

### APPLICATION OF *SCHOEMAKER*

As his third assignment of error, Polinski argues that the district court erred in finding the reasoning in *Schoemaker* applicable to the instant case. In particular, Polinski states that unlike the political subdivision in *Schoemaker*, OPPD expressly waived the 1-year claim provision in the Act by rejecting his claim in its December 19, 1991, letter. We disagree and conclude that *Schoemaker* is clearly dispositive of the instant case.

Polinski is correct in noting that the political subdivision in *Schoemaker* did not expressly reject a claim filed by

Schoemaker. In fact, the record in that case indicated that the district was willing to offer a settlement. Much like Polinski, however, Schoemaker argued that the district was estopped from raising the issue of her failure to comply with the notice requirements of the Act. We resolved this waiver argument by noting that while the date of Schoemaker's injury was August 22, 1989, a written claim was not submitted to the district until October 25, 1990. Since Schoemaker failed to file this claim within the 1-year time limit of § 13-919(1), we held that "Schoemaker cannot rely, as an element of estoppel or waiver, on [the district's] actions in communicating with Schoemaker's attorney after the statute of limitations had expired." *Id.* at 974, 515 N.W.2d at 680. In short, we held that once the statute of limitations had run for the filing of the claim, there was no "claim" to waive.

Although OPPD did refuse to settle with Polinski on December 19, 1991, we still find the reasoning of *Schoemaker* to be applicable. The undisputed facts show that Polinski was injured on April 2, 1990, but he did not submit a written claim to OPPD until July 12, 1991, a full 15 months later. Similar to the situation in *Schoemaker*, Polinski's submission of the claim was untimely because it occurred beyond the 1-year limitation set forth in § 13-919(1). For this reason, *any* subsequent action taken by OPPD on the claim, including a rejection, cannot act as a waiver for the notice requirements. Thus, we conclude that the district court was correct in applying our reasoning in *Schoemaker* because OPPD cannot reject a claim that was never properly commenced within the statute of limitations.

## CONCLUSION

The undisputed facts in this case establish that Polinski failed to file a claim with OPPD within the 1-year limitation period set forth at § 13-919(1). In light of our decision in *Schoemaker* and our conclusion that Polinski's workers' compensation claim had no effect on his ability to instigate this proceeding within the appropriate timeframes, the district court was correct in granting summary judgment in favor of OPPD.

AFFIRMED.