STUART B. EICHE AND DOUGLAS S. EICHE, APPELLANTS, V.
EDMUND H. BLANKENAU AND MARK BLANKENAU, APPELLEES.

570 N.W. 2d 190

Filed October 31, 1997. No. S-96-132.

Betty L. Egan, of Walentine O'Toole McQuillan & Gordon, for appellants.

Michael S. Mostek and Nancy L. Crawford, of McGill, Gotsdiner, Workman & Lepp, P.C., for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WHITE, C.J.

This is an appeal from an order of the district court for Douglas County, which sustained the motion for summary judgment of the defendants-appellees, Edmund H. Blankenau and Mark Blankenau; denied the motion for summary judgment of the plaintiffs-appellants, Stuart B. Eiche and Douglas S. Eiche; and dismissed the appellants' second amended petition.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Humphrey v. Burlington Northern RR. Co.*, 251 Neb. 736, 559 N.W.2d 749 (1997); *Moulton v. Board of Zoning Appeals*, 251 Neb. 95, 555 N.W.2d 39 (1996). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *First Place Computers v. Security Nat. Bank*, 251 Neb. 485, 558 N.W.2d 57 (1997); *Polinski v. Omaha Pub. Power Dist.*, 251 Neb. 14, 554 N.W.2d 636 (1996). The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that if the evidence presented for summary judgment remains uncontroverted, the moving party is entitled to judgment as a matter of law. *Poppleton v. Village Realty Co.*, 248 Neb. 353, 535 N.W.2d 400 (1995); *Wagner v. Pope*, 247 Neb. 951, 531 N.W.2d 234 (1995). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Whitten v. Malcolm*, 249 Neb. 48, 541 N.W.2d 45 (1995); *McCook Nat. Bank v. Bennett*, 248 Neb. 567, 537 N.W.2d 353 (1995).

Telenational Communications, Inc., a Nebraska corporation, was formed in 1975 and was dissolved by the Nebraska Secretary of State for nonpayment of taxes on April 16, 1989. In November 1988, the appellants filed a suit in the circuit court for Waukesha County, Wisconsin, and subsequently obtained a judgment against the corporation on May 4, 1990, in the amount of $45,798.

On January 28, 1994, the appellants filed suit in the district court for Douglas County, Nebraska, against both the appellees as former officers of the corporation and against Edmund Blankenau as a former director and shareholder as well, alleging that with notice of the appellants' claim, complete distribution of the assets of the corporation was caused to be distributed to the shareholders in 1988. The appellants assign as error the granting of the appellees' motion for summary judgment.

Neb. Rev. Stat. § 21-20,104 (Reissue 1991) provides in part:

The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, (2) by a decree of court when the court has not liquidated the assets and business of the corporation as provided in sections 21-2001 to 21-20,134, or (3) by expiration of its period of duration, shall not take away or impair any remedy available *to or against such corporation, its directors, officers, or shareholders,* for any right or claim existing, or any liability incurred, *prior to such dissolution* if action or other proceeding thereon is commenced within two years after the date of such dissolution.

(Emphasis supplied.) The trial court held that the action against the appellees, not having been commenced within the 2-year period, was untimely filed and thus barred by the statute.

In *Farmers Union Co-op Assn. v. Mid-States Constr. Co.,* 212 Neb. 147, 322 N.W.2d 373 (1982), we considered a claim against a corporation which had been dissolved for nonpayment of taxes. We stated:

In discussing the question of whether a dissolved corporation can be sued after the specified period by statute has passed, we said in *Christensen v. Boss,* 179 Neb. 429, 435-36, 138 N.W.2d 716, 720 (1965) (a voluntary dissolution case): "At common law a corporation's capacity to sue or be sued terminates when the corporation is legally dissolved. See, 16A Fletcher, Cyclopedia Corporations (Perm Ed.), § 8142, p. 311; Beasley v. Fox, 173 F.2d 920; Leiserson & Adler, Inc. v. Keam (Ky.), 266 S.W.2d 352; In re National Surety Co., 286 N.Y. 216, 36 N.E.2d 119.

"Where a corporation has in fact been dissolved and no longer exists as a legal entity, the rule of its incapacity to sue or be sued applies regardless of the mode of dissolution whether by judicial decree or otherwise. See, 16A Fletcher, Cyclopedia Corporations (Perm. Ed.), § 8142, p. 315; MacAffer v. Boston & Maine R.R. Co., 268 N.Y. 400, 197 N.E. 328. In the absence of statutory provisions to the contrary no action at law can be maintained by or against it as a corporate body or in its corporate name. . . ."

*Farmers Union Co-op Assn.*, 212 Neb. at 151-52, 322 N.W.2d at 376. In *W & K Farms v. Walter*, 235 Neb. 952, 458 N.W.2d 230 (1990), this court distinguished the case wherein the claim was against a sole shareholder for a distribution that occurred after dissolution. We held that under the provisions of Neb. Rev. Stat. § 21-2046 (Reissue 1983), a director is liable for such distribution to the detriment of creditors.

Finally, we said in *Van Pelt v. Greathouse*, 219 Neb. 478, 486, 364 N.W.2d 14, 20 (1985), that "[s]ection 21-20,104 is a survival statute which destroys the capacity of former shareholders of a dissolved corporation to sue or be sued on rights entirely dependent upon and existing solely as an outgrowth of the shareholder status except within 2 years after the corporation has been dissolved." Because § 21-20,104 encompasses claims against former corporate officers and directors as well as shareholders, our holding in *Van Pelt* is controlling in this case.

Since the action was not commenced within 2 years after dissolution based on a distribution occurring prior to dissolution, the action is plainly barred by § 21-20,104. The judgment of the trial court is affirmed.

AFFIRMED.

McCORMACK, J., concurring.

I concur with the majority opinion because in this case Neb. Rev. Stat. § 21-20,104 (Reissue 1991) does place a 2-year time limit on bringing an action.

The allegations set out by the defendants-appellees in their brief are as follows:

1. In 1988 or 1989, Telenational Communications, Inc., distributed to its shareholders (of which Edmund Blankenau was one) the assets of the corporation.

2. On April 16, 1989, the Nebraska Secretary of State automatically dissolved Telenational because Telenational had not filed its corporate report and had not paid its annual occupation tax.

3. In 1990, the plaintiffs-appellants filed suit in Wisconsin against the appellees for allegedly taking the corporate assets without paying the creditors, such as the appellants. It is the May 4, 1990, judgment obtained in the Wisconsin action that

the appellants are attempting to enforce in Nebraska, having filed the enforcement action in January 1994.

In the timeframe beginning with May 4, 1990, when the appellants obtained the Wisconsin judgment, until April 16, 1991, when the 2-year time limit under § 21-20,104 elapsed, the appellees escaped all liability because of the technicality of the Nebraska Secretary of State's dissolving by a computer entry the corporate existence of Telenational on April 16, 1989, for nonpayment of its occupation tax.

My disagreement with the holding of this case begins with the fact that the Secretary of State's computer routinely weeds out corporate entities by automatically dissolving those corporations which did not file their annual reports or pay their occupation taxes. I believe there should be a distinction as to the application of the 2-year time limit of § 21-20,104 in the case where a corporation is automatically dissolved by the Secretary of State for failing to file its annual report and failing to pay its occupation tax as opposed to the case where the corporation files articles of dissolution. If a corporation dissolves voluntarily, there is a statutory scheme for doing so, and one of the requirements is the notification of creditors, Neb. Rev. Stat. § 21-2086(1) (Reissue 1991), so the creditors can proceed to collect any amounts due from the corporation. The 2-year limit seems to be reasonable in this type of situation, since the creditor knows what is taking place and can take steps to protect itself against the shareholders of the dissolving corporation who are preparing to take the assets.

Where a dissolution is the automatic process of the Secretary of State for failure to pay the occupation tax and failure to file the corporate report, however, no one but the corporation itself is advised of this dissolution, much less the hapless creditor. The creditor relies on the statute of limitations to bring his claim, which is 5 years for a written contract, 4 years for an unwritten contract, and 4 years for a tort. See Neb. Rev. Stat. §§ 25-205, 25-206, and 25-207 (Reissue 1995). The creditor has no idea this time limit has been shortened to as little as 2 years because the Secretary of State's computer has automatically dissolved the corporation for nonpayment of its occupation tax.

This is a trap no creditor should have to encounter. In this case, I believe the appellants at least knew that Telenational was going out of business because of the fact that they and Telenational were engaged in litigation, and therefore, I concur with rather than dissent from the majority opinion. I would hold, however, that from the date of this opinion forward, the 2-year time limit stated in § 21-20,104 would not be a bar to making a claim against a corporation, its officers, or directors unless the corporation could show actual notice by the corporation to its creditors of the fact of its automatic dissolution.

WRIGHT, J., joins in this concurrence.