WESTERN SECURITY BANK, FORMERLY KNOWN AS AMES BANK, A NEBRASKA BANKING CORPORATION, APPELLANT, V. UNITED STATES FIDELITY & GUARANTY COMPANY ET AL., APPELLEES.

539 N.W.2d 15

Filed October 27, 1995.   No. S–94–043.

Patrick M. Heng, of Raynor, Rensch & Pfeiffer, for appellant.

David L. Crawford and Christopher D. Curzon, of Schmid, Mooney & Frederick, P.C., and Norman R. Carpenter, of Faegre & Benson, for appellee United States Fidelity & Guaranty.

Robert J. Bothe and W. Greg O'Kief, of McGrath, North, Mullin & Kratz, P.C., for appellee Constructors Bonding Co.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Western Security Bank, formerly known as Ames Bank, appeals from an order entered by the district court for Douglas County, sustaining the motions for summary judgment by Constructors Bonding Company (Constructors) and United States Fidelity & Guaranty Company (USF&G). Because we find as a matter of law no enforceable contract exists, we conclude that the district court did not err by sustaining Constructors' and USF&G's motions for summary judgment. We therefore affirm.

## BACKGROUND

In early 1988, Terry A. Lambert Plumbing, Inc. (Lambert), sought to obtain a loan from the bank. At that time, Lambert was experiencing financial difficulty. The bank drafted a proposed credit agreement in which it reserved a first priority

security interest in Lambert's accounts receivable. Prior to execution of the loan agreement, the bank sent a copy of the proposed agreement to Constructors, which had in the past served as an agent for USF&G in obtaining bonds for Lambert. The record does not indicate that any form of correspondence accompanied the proposed agreement when it was sent to Constructors.

Constructors replied to the bank by letter, stating that "[w]e have reviewed your pro forma credit agreement and based on that agreement we will be in a position to continue writing bonds for Lambert . . . ." The bank then executed the loan agreement, disbursing a total of $392,000 to Lambert.

Following execution of the loan, USF&G asked the bank to relinquish its first priority security interest in Lambert's accounts receivable. However, the bank refused to relinquish its interest. USF&G then refused to bond Lambert, which was subsequently unable to finance its occupational endeavors. As a result, it was alleged that Lambert went out of business, filed for bankruptcy, and was unable to pay the bank its loan debt.

The bank brought this action for breach of contract against Constructors and USF&G, seeking $124,000 in damages for failing to bond Lambert. The bank alleges it would not have made the loan had Constructors not agreed to continue bonding Lambert. The bank argues that sending Constructors a copy of its loan agreement with Lambert constituted an offer to Constructors to continue bonding Lambert. The bank further argues that Constructors' reply letter constituted an acceptance of the offer. Finally, the bank alleges that an agency relationship existed between Constructors and USF&G in which USF&G was bound by the representations and commitments made by Constructors. Constructors and USF&G filed motions for summary judgment asserting that no enforceable contract existed. In addition, USF&G asserted in its motion that Constructors was not acting as USF&G's agent in relation to the alleged agreement. The district court sustained the motions, having found no genuine issue of material fact.

## ASSIGNMENT OF ERROR

The bank alleges that the district court erred in sustaining

Constructors' and USF&G's motions for summary judgment.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Poppleton v. Village Realty Co., ante* p. 353, 535 N.W.2d 400 (1995); *Krohn v. Gardner, ante* p. 210, 533 N.W.2d 95 (1995); *Walpus v. Milwaukee Elec. Tool Corp., ante* p. 145, 532 N.W.2d 316 (1995). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

## ANALYSIS

The bank contends that the district court erred by sustaining Constructors' and USF&G's motions for summary judgment because genuine issues of material fact existed. The bank argues that the proposed loan agreement it sent to Constructors, along with Constructors' reply letter, created an enforceable written contract.

When the provisions of an alleged contract being sued upon are "so cursory, indefinite, and conditional as to fail as a matter of law to establish an objective intent on the part of the parties to be bound thereby," no factual issues exist and summary judgment is appropriate. *Viking Broadcasting Corp. v. Snell Publishing Co.*, 243 Neb. 92, 97, 497 N.W.2d 383, 386 (1993).

In the instant case, the proposed agreement, sent by the bank to Constructors, did not request Constructors to issue bonds to Lambert. In fact, the proposed agreement mentions neither bonding Lambert by Constructors nor the terms and nature of any proposed offer. Thus, nothing in the record raises a genuine issue of material fact as to whether the bank manifested a willingness, in the form of a definite offer, to enter into a bargain with Constructors.

Furthermore, the reply letter, sent by Constructors to the bank, merely states that "[w]e have reviewed your pro forma

credit agreement and based on that agreement we will be in a position to continue writing bonds for Lambert . . . ." This letter merely expresses that Constructors had the ability to bond Lambert if it so chose. Clearly, the minds of the parties did not meet, and much was left open for future arrangement. Thus, nothing in the record raised a genuine issue of material fact as to whether Constructors manifested assent, in the form of an unconditional and absolute acceptance, to bond Lambert.

As a result, even when viewing the evidence in a light most favorable and giving the benefit of all reasonable inferences to the bank, we find that the alleged agreement is so cursory, indefinite, and conditional that it fails as a matter of law to establish an objective intent on the part of parties to be bound. See *Viking Broadcasting Corp. v. Snell Publishing Co., supra.*

## CONCLUSION

We find as a matter of law that no enforceable contract exists, and thus, we conclude that the district court did not err by sustaining Constructors' and USF&G's motions for summary judgment.

AFFIRMED.

WRIGHT, J., not participating.